**The PEOPLE of the State of Colorado, Complainant,**

v.

**Dana L. LARSON, Attorney-Respondent.**

**No. 85SA327.**

Supreme Court of Colorado, En Banc.

Feb. 24, 1986.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Dana L. Larson, Littleton, pro se.

ERICKSON, Justice.

The hearing board of the Colorado Supreme Court Grievance Committee recommended that the respondent, Dana L. Larson, be suspended for a period of six

months and that he be assessed $238.78 as the cost of these proceedings. In addition, as a condition to reinstatement, the grievance committee recommended that the respondent be required to satisfy the conditions imposed for reinstatement set forth in C.R.C.P. 241.22(c). We approve the recommendations of the grievance committee.

The respondent was admitted to the bar of this court on October 9, 1979, and is therefore subject to our jurisdiction. After a disciplinary complaint was filed against the respondent, he failed to cooperate with the investigator from the grievance committee and would not return telephone calls. Respondent advised the committee that although he was handling some traffic offenses, he had all but ceased the practice of law on a regular basis and was seeking something else to do. He accepted service of the complaint and citation on May 17, 1985. However, he did not file an answer or otherwise respond to the complaint and a default was entered on June 10, 1985. On June 17, with the approval and participation of the respondent, the hearing proceeded on the default. The respondent testified and all exhibits were admitted without objection from the respondent.

Respondent worked for a lawyer in Park County, Colorado, and undertook to complete a foreclosure proceeding that had been commenced by his employer and had been turned over to the respondent to complete when his employer retired. He did not complete the foreclosure proceedings and failed to file a notice of election and demand with the public trustee or to take any other action. Eventually, his client, Kenneth Daniels, obtained other counsel and completed the foreclosure proceeding. Thereafter, Daniels demanded a refund of his retainer. The respondent wrote Daniels a check for $568.40 from his trust account, representing both the retainer and costs. At the time the respondent issued the check to Daniels, he knew that there were insufficient funds in his trust account to cover the check. When the foreclosure proceedings were completed, Daniels did obtain all monies that were owed to him, but the short check that was issued to him was never paid by the respondent.

The respondent's conduct has violated a number of disciplinary rules. DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule). He has deliberately deceived and misrepresented his client by issuing a short check to him and his conduct reflects on his fitness to practice law. DR 1–102(A)(4) & (6). He not only failed to carry out his contract of employment, DR 7–101(A)(2), but also neglected a legal matter entrusted to him. DR 6–101(A)(3). In addition, he failed to cooperate with the grievance committee and declared that "he didn't want any thing to do with practicing law." His failure to respond to the requests of the grievance committee violates C.R.C.P. 241.6(7).

Accordingly, we approve the recommendation of the grievance committee and order that the respondent be suspended for six months and that he pay the cost of this proceeding in the amount of $238.78 within ninety days to the Colorado Supreme Court Grievance Committee, 600 17th Street, Suite 520–S, Denver, Colorado 80202. As a condition to reinstatement, he is required to comply with the provisions of C.R.C.P. 241.22(c) and to establish to the satisfaction of the grievance committee that he is fit to practice law and prepared to assume the responsibilities of a lawyer.